UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON


SUE ARTHUR,

    Plaintiff

v.                          CIVIL ACTION NO. 2:05-0424

AMANDA BLANTON ARTHUR
and THE ESTATE OF
GEORGE ARTHUR, JR.
deceased,

    Defendants


<u>MEMORANDUM OPINION AND ORDER</u>

      Pending are defendants' motions to dismiss, filed respectively on June 13, 2005, and June 24, 2005.  Plaintiff has not responded to the motions.


I.


      Plaintiff instituted this action on May 20, 2005.  The complaint, which alleges purely common-law claims, asserts as follows:

    1.    That Plaintiff is a resident and citizen of Mingo County, West Virginia.

        . . . .

3.    That Amanda Blanton Arthur is believed to be a resident
      of Mingo County, West Virginia.

(Compl. ¶¶ 1, 3.)  Defendant Amanda Blanton Arthur, in an

affidavit attached to her motion to dismiss, confirms that she

has been "a resident and citizen of Mingo County, West Virginia .

. . for the past 25 years."  (Aff. of Amanda Rae Arthur ¶ 1.)


II.


The diversity jurisdiction statute, 28 U.S.C. §

1332(a), provides pertinently as follows:

> (a) The district courts shall have original
> jurisdiction of all civil actions where the matter in
> controversy exceeds the sum or value of $75,000,
> exclusive of interest and costs, and is between--
>
> (1) citizens of different States;

28 U.S.C. § 1332(a).


In <u>Athena Automotive, Inc. v. DiGregorio</u>, 166 F.3d 288

(4th Cir. 1999), our court of appeals observed as follows:

> Section 1332 of Title 28 confers subject matter
> jurisdiction upon federal courts over civil actions in
> which "the matter in controversy exceeds the sum or
> value of $75,000, exclusive of interest and costs" and
> the action is between "citizens of different States."
> 28 U.S.C. § 1332(a)(1). In enacting this statute,
> Congress intended to "provide a separate forum for
> out-of-state citizens against the prejudices of local
> courts and local juries by making available to them the
> benefits and safeguards of the federal court." S. Rep.
> No. 1830, at 5 (1958), <u>reprinted in</u> 1958 U.S.C.C.A.N.
> 3099, 3101-02.

> Courts have consistently interpreted § 1332 and
> its predecessors <u>to require complete diversity such
> that the state of citizenship of each plaintiff must be
> different from that of each defendant</u>.

<u>Id.</u> at 290 (emphasis added) (citations omitted).

The absence of complete diversity between plaintiff and defendant Amanda Blanton Arthur is disclosed on the face of the complaint and confirmed by a later, uncontested affidavit.  The court, accordingly, lacks subject matter jurisdiction and ORDERS that the motions to dismiss be, and they hereby are, granted. The court further ORDERS that this action be, and it hereby is, dismissed without prejudice.

The Clerk is directed to forward copies of this written opinion and order to all counsel of record.

DATED: September 7, 2005

John T. Copenhaver, Jr.
United States District Judge